# EXHIBIT C

Exhibit C

Received and E-Filed for Record
8/20/2019 2:36 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Jeff Fiore

# Request for Service

## Montgomery County District Clerk

**CASE NUMBER:** 19-08-11363    **CURRENT COURT:** Montgomery County - 410th Judicial District Court

**Name(s) of Documents to be served:** PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

**FILE DATE of document(s) to be served:** 08-20-19    **Month/Day/Year**

**SERVICE TO BE ISSUED ON (Please List Exactly as The Name Appears in The Pleading to Be Served):**

**Issue Service to:** ALLSTATE TEXAS LLOYD'S

**Address of Service:** c/o CT CORPORATION SYSTEM, 1999 BRYAN STREET, SUITE 900

**City, State & Zip:** DALLAS, TX 75201

**Agent (if applicable):** CT CORPORATION SYSTEM

☑ **Check here to have citation addressed to wherever the addressee may be found.**

**TYPE OF SERVICE/PROCESS TO BE ISSUED: (Check the appropriate box)**

| | | |
|---|---|---|
| ☑ Citation for Personal Service | ☐ Secretary of State Citation ($12.00) | ☐ Civil Injunction/TRO |
| ☐ Citation by Posting | ☐ Highway Commission ($12.00) | ☐ Certiorari |
| ☐ Citation by Publication | ☐ Commissioner of Insurance ($12.00) | ☐ Precept |
| ☐ Citation Scire Facias | ☐ Hague Convention ($16.00) | ☐ Subpoena |
| ☐ Writ of Garnishment | ☐ Capias (not an E-Issuance) | ☐ Other (Please |
| ☐ Writ of Sequestration | ☐ Temporary Restraining Order (Family) | Describe) _____ |
| ☐ Writ of Attachment | ☐ Temporary Ex Parte Protective Order | _____ |
| ☐ Writ of Habeas Corpus | ☐ Notice of Appl. For Protective Order | _____ |
| ☐ Notice of Hearing/Show Cause | ☐ Notice of Foreign Judgment (UIFSA) | **(See additional Forms for** |
| ☐ Regular Mail (only available for | ☐ Notice of Foreign Judgment (UCCJEA) | **Post Judgment Service)** |
| **Expedited Foreclosures and UIFSA** | **(by certified mail service)** | |
| **Foreign Judgments** | | |

**SERVICE BY: (Check the appropriate box.)**

☐ E-Issuance by District Clerk (No Service Copy Fees Charged) (Note:) **CAPIAS is not an E-Issuance Option**
*Citations returned electronically will be e-served through E-file Texas to requesting attorney/pro se.

☐ **ATTORNEY PICK-UP (phone or email contact):** _____

☐ **MAIL to attorney at Attorney of Record's address on file in case record.**

☐ **CERTIFIED MAIL by District Clerk**

☑ **CIVIL PROCESS SERVER - Authorized Person to Pick-up:** CRR    **Phone:** (713) 227-3353

☐ **OTHER, *explain:*** _____

**Issuance of Service requested by:**

**Attorney/Party Name:** Shane A. McClelland    **Bar# or ID:** 24046383

**Mailing Address:** 440 COBIA DRIVE, SUITE 101, Katy, Texas 77494

**Phone Number:** (713) 987-7107

# CITATION

Cause Number: 19-08-11363

Clerk of the Court                         Attorney Requesting Service
Melisa Miller                              Shane A McClelland
P.O. Box 2985                              440 Cobia Drive
Conroe, Texas 77305                   Suite 101
                                       Katy TX  77494

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued.  You may employ an attorney.  If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

To:    Allstate Texas LLoyd's
        c/o CT Corporation System
        1999 Bryan Street, Suite 900
        Dallas TX  75201
        OR WHEREVER THE ADDRESSEE MAY BE FOUND

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition and Request for Disclosure at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 410th Judicial District Court Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Petition and Request for Disclosure was filed in said court on this the 20th day of August, 2019 numbered 19-08-11363 on the docket of said court, and styled, Kenneth Helton VS. Allstate Texas LLoyd's

The nature of plaintiff's demand is fully shown by a true and correct copy of the  Plaintiff's Original Petition and Request for Disclosure accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 21st day of August, 2019.

                                     Melisa Miller, District Clerk
                                     Montgomery County, Texas
                                        f/c user: LM
By:                             Issued 08/21/2019 12:08:29
                                      Lauren Marquis, Deputy

## OFFICER'S RETURN

**Cause No. 19-08-11363**                    **Court No: 410th Judicial District Court**

**Style: Kenneth Helton VS. Allstate Texas LLoyd's**

**To:**          **Allstate Texas LLoyd's**

**Address:**     **c/o CT Corporation System**
                **1999 Bryan Street, Suite 900**
                **Dallas TX  75201**
                **OR WHEREVER THE ADDRESSEE MAY BE FOUND**

**Came to hand the ____day of _____, 20___, at _____ o'clock, and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this citation with the date of delivery endorsed thereon, together with the accompanying copy of the  Plaintiff's Original Petition and Request for Disclosure at the following times and places, to wit:**

**Name**               **Date/Time**          **Place, Course and distance from Courthouse**
_____       _____        _____

**Manner of service:**  _____

**\*And not executed as to the defendants(s)** _____
**The diligence used in finding said defendant(s) being:**
_____
**And the cause of failure to execute this process is:**
_____
**And information received as to the whereabouts of said defendant(s) being:**
_____

**FEES:**
**Serving Petition and Copy**   **$_____**

                                                    _____**OFFICER**

**TOTAL**                       **$_____**
                                                    _____**County, Texas**

                                        **By: _____, Deputy**

## AFFIANT

**Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In accordance with Rule 107: the officer, or authorized person who services, or attempts to serve a citation shall sign and return. The return must either be verified or be signed under penalty of perjury.**

A return signed under penalty of perjury must contain the
statement below in substantially the following form:
**My full name is** _____
**My date of birth is** ___/___/____, **and my address is**
_____.
**I DECLARE UNDER PENALTY OF PERJURY THAT THE
FOREGOING IS TRUE AND CORRECT**
Executed in_____, County, State of
_____, on the _____ day of _____, 20____.

_____
**Declarant/Authorized Process Server**
_____
**ID# & Exp. Of Certification**

_____
**Declarant/Authorized Process Server**

_____
**ID# & Exp. Of Certification**

**SWORN AND SUBSCRIBED ON**

_____
**DATE**

_____
**NOTARY**

Received and E-Filed for Record
9/3/2019 11:33 AM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Patricia Morrill

# CITATION

Cause Number: 19-08-11363

Clerk of the Court
Melisa Miller
P.O. Box 2985
Conroe, Texas 77305

Attorney Requesting Service
Shane A McClelland
440 Cobia Drive
Suite 101
Katy TX 77494

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

To:     Allstate Texas LLoyd's
        c/o CT Corporation System
        1999 Bryan Street, Suite 900
        Dallas TX 75201
        OR WHEREVER THE ADDRESSEE MAY BE FOUND

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition and Request for Disclosure at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 410th Judicial District Court Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Petition and Request for Disclosure was filed in said court on this the 20th day of August, 2019 numbered 19-08-11363 on the docket of said court, and styled, Kenneth Helton VS. Allstate Texas LLoyd's

The nature of plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition and Request for Disclosure accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 21st day of August, 2019.

Melisa Miller, District Clerk
Montgomery County, Texas

By: _____
Lauren Marquis, Deputy

## OFFICER'S RETURN

Cause No. 19-08-11363                              Court No: 410th Judicial District Court

Style: Kenneth Helton VS. Allstate Texas LLoyd's

To:          Allstate Texas LLoyd's

Address:     c/o CT Corporation System

              1999 Bryan Street, Suite 900

              Dallas TX  75201

              OR WHEREVER THE ADDRESSEE MAY BE FOUND

Came to hand the ___day of _____, 20___, at _____ o'clock, and executed in _____
County, Texas by delivering to each of the within named defendants in person, a true copy of this citation
with the date of delivery endorsed thereon, together with the accompanying copy of the  Plaintiff's
Original Petition and Request for Disclosure at the following times and places, to wit:

| Name | Date/Time | Place, Course and distance from Courthouse |
|---|---|---|
| | | |

Manner of service: _____

*And not executed as to the defendants(s) _____

The diligence used in finding said defendant(s) being:
_____

And the cause of failure to execute this process is:
_____

And information received as to the whereabouts of said defendant(s) being:
_____

FEES:

Serving Petition and Copy  $_____

TOTAL              $_____

                             _____OFFICER

                             _____County, Texas

                  By: _____, Deputy

## AFFIANT

Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In accordance with
Rule 107: the officer, or authorized person who services, or attempts to serve a citation shall sign and
return. The return must either be verified or be signed under penalty of perjury.

A return signed under penalty of perjury must contain the
statement below in substantially the following form:

My full name is _____

My date of birth is ___/___/____, and my address is
_____.

I DECLARE UNDER PENALTY OF PERJURY THAT THE
FOREGOING IS TRUE AND CORRECT

Executed in_____, County, State of
_____, on the _____day of_____, 20____.

_____

Declarant/Authorized Process Server

_____

ID# & Exp. Of Certification

_____

Declarant/Authorized Process Server

ID# & Exp. Of Certification

SWORN AND SUBSCRIBED ON

_____

DATE

_____

NOTARY

## CAUSE NUMBER: 19-08-11363

KENNETH HELTON
PLAINTIFF

VS.

ALLSTATE TEXAS LLOYD'S
DEFENDANT

IN THE 410TH JUDICIAL DISTRICT
COURT OF MONTGOMERY COUNTY,
TEXAS

### AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, on this day **D'ANN WATHEN**, personally appeared before me and stated under oath as follows:

My name is **D'ANN WATHEN**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320 QUITMAN ST. STE 100, HOUSTON, HARRIS COUNTY, TX 77009, U.S.A.

ON **Friday August 23, 2019 AT 11:00 AM** - CITATION, PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE, came to hand for service upon **ALLSTATE TEXAS LLOYD'S BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEMS** .

On **Thursday August 29, 2019 at 12:31 PM** - The above named documents were hand delivered to: **ALLSTATE TEXAS LLOYD'S BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEMS @ 1999 BRYAN STREET SUITE 900, DALLAS, TX 75201, in Person.** by delivering to Terri Thongsavit, designated agent.

**FURTHER AFFIANT SAYETH NOT.**

**D'ANN WATHEN**
**PSC#6622 EXP 06/30/19**

**SWORN TO AND SUBSCRIBED** before me by **D'ANN WATHEN** appeared on this 30th day of AUGUST, 2019 to attest witness my hand and seal of office.

**NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS**
2019.08.403278

DAVID SHANE GEBHARDT
Notary Public, State of Texas
Comm. Expires 01-08-2020
Notary ID 128948619

Received and E-Filed for Record
9/18/2019 10:34 AM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Patricia Morrill

CAUSE NO. 19-08-11363

| | |
|---|---|
| KENNETH HELTON, | IN THE DISTRICT COURT |
| Plaintiff, | |
| V. | 410TH JUDICIAL DISTRICT |
| ALLSTATE TEXAS LLOYD'S, | |
| Defendant. | MONTGOMERY COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ALLSTATE TEXAS LLOYD'S, Defendant in the above styled and numbered cause of action, and in response to the complaints filed against it, would respectfully show unto this Honorable Court and Jury as follows:

### I.

### GENERAL DENIAL

At this time, Defendant asserts a general denial to Plaintiff's Original Petition and all amended and/or supplemental petitions, as authorized by Rule 92, Texas Rules of Civil Procedure, and respectfully requests the Court and jury to require Plaintiff to prove the claims, charges and allegations, by a preponderance of the evidence, as required by the Constitution and the laws of the State of Texas.

### II.

### SPECIFIC DENIALS

Plaintiff's claims are barred or limited, in whole or in part, by policy exclusions and/or limitations which are listed in the policy made the basis of this suit.

Helton vs. Allstate
Defendant's Original Answer and Request for Disclosure
0473840213.1

Page 1 of 4

Plaintiff failed to comply with certain conditions precedent to the policy prior to filing this lawsuit.

Plaintiff failed to provide proper or sufficient pre-suit notice pursuant to Section 542A of the Texas Insurance Code.  Because Plaintiff failed to give proper notice as required by Section 542A.003(b)(2) at least 51 days before filing this action, Plaintiff is not entitled to recover attorneys' fees incurred after the date Defendant pled this defense.

Plaintiff failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law.

Plaintiff's claims are barred, in whole or in part, because the losses alleged by Plaintiff were proximately caused in whole or in part by the fault, negligence, or failure to mitigate damages by Plaintiff.

Plaintiff's claims were paid for, in whole or in part, through prior losses.

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve the right to amend this answer.

## III.

Pursuant to Texas Rules of Civil Procedure, Defendant requests that Plaintiff disclose within thirty days of service of this request, the information and material described in Rule 194.2(a) through (l).

If this case was filed as an Expedited Action under TRCP 47(c)(1) and/or TRCP 190.2, Defendant further requests disclosure of any and all documents, electronic information, and tangible items that you have in your possession, custody or control and which may be used to support your claims or defenses.

Helton vs. Allstate
Defendant's Original Answer and Request for Disclosure
0473840213.1

Page **2** of 4

**IV.**

Defendant formally requests a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the jury fee.

**V.**

**DESIGNATED E-SERVICE EMAIL ADDRESS**

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21(a). (HoustonLegal@allstate.com). This is the undersigned's ONLY electronic service email address, and service through any other email address will be considered invalid.

WHEREFORE, PREMISES CONSIDERED,  Defendant prays that the Plaintiff recover nothing of and from the Defendant by reason of this suit, that Defendant be discharged without delay, with costs of court, and for such other and further relief, both general and special, at law and in equity, to which Defendant may be justly entitled, and for which Defendant will in duty bound, forever pray.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

**KIMBERLY BLUM**
TBN:  24092148

811 Louisiana St Ste 2400
Houston, TX  77002-1401
HoustonLegal@allstate.com
(713) 336-2812
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANT
ALLSTATE TEXAS LLOYD'S

Helton vs. Allstate
Defendant's Original Answer and Request for Disclosure
0473840213.1

Page **3** of **4**

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the

original of Defendant's Original Answer has been filed with the clerk of the court in writing, and a true and

correct copy of Defendant's Original Answer has been delivered to all interested parties on the 18th day

of September, 2019, to:

Shane McClelland
Law Office of Shane McClelland
TX Bar# 24046383
440 Cobia Dr. Suite 101
Katy, Texas 77494
Phone: (713) 987-7107
Fax: (832) 827-4207
Email: Shane@hmtrial.com

Attorney for Plaintiff                    *VIA E-SERVE*

**KIMBERLY BLUM**

Helton vs. Allstate
Defendant's Original Answer and Request for Disclosure
0473840213.1

Page **4** of 4

Received and E-Filed for Record
8/20/2019 2:36 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Jeff Fiore

Cause No. <u>19-08-11363</u>

| | | |
|---|---|---|
| KENNETH HELTON, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | Montgomery County - 410th Judicial District Court |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| ALLSTATE TEXAS LLOYD'S, | § | |
| | § | |
| Defendant. | § | MONTGOMERY COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Kenneth Helton ("Plaintiff"), and files this, his Original Petition and Request for Disclosure against Defendant Allstate Texas Lloyd's ("Defendant"), and in support thereof would respectfully show unto the Court the following:

## DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery in this matter under Level 3, in accordance with Texas Rule of Civil Procedure 190.3.

## PARTIES

1.      At all relevant times, Plaintiff owned a house at 14342 Cecala Drive, Montgomery, Texas.

2.      Defendant is a Domestic insurance company organized under the laws of the State of Texas with its principal place of business in Northbrook, Illinois.

3.      Defendant is authorized to do business in Texas and has designated CT Corporation System located at 1999 Bryan Street, Suite 900, Dallas, Texas, as its agent for service of process.

1

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the Court.

5.      All or a substantial part of the events or omissions giving rise to this lawsuit occurred in Montgomery County, Texas. Therefore, pursuant to Tex. Civ. Prac. & Rem. Code § 15.002, venue is proper in Montgomery County, Texas. The damages being sought by Plaintiff are in excess of the minimum jurisdictional requirements of this Court.

6.      The Court has personal jurisdiction over Defendant because Defendant does business in and is authorized to do business in the State of Texas and because Defendant issued a policy of insurance covering property that is located in this district.

## PLAINTIFF'S LOSS

7.      Plaintiff owned the property at 14342 Cecala Drive, Montgomery, Texas (the "Property") at all relevant times.

8.      The Property sustained significant windstorm damage when Hurricane Harvey ("Harvey") struck the Houston, Texas area on or about August 23, 2017.

9.      Defendant issued an insurance policy (Policy No. ▮▮▮▮▮▮) (the "Insurance Policy") covering the Property, which was in full force and effect at the time Harvey struck.

10.      Plaintiff had paid all premiums for the Insurance Policy when Harvey damaged Plaintiff's property.

11.      The Insurance Policy covered Plaintiff's Property for damage caused by windstorm, among other perils.

12.      Plaintiff has already incurred and will incur significant expenses to repair the windstorm damage that Harvey caused at the Property.

2

13.     Shortly after Harvey, Plaintiff notified the Defendant of damages sustained as a result of Harvey and made a claim for benefits under the Insurance Policy.

14.     Defendant assigned an adjuster to investigate and adjust the loss.

15.     The adjuster visited the property but failed to fully and fairly investigate the loss.

16.     The adjuster prepared a damage estimate but failed to abide by the terms of the Insurance Policy, the Defendant's general company claims handling standards, and/or with recognized claims handling standards.

17.     The adjuster improperly omitted and undervalued covered losses from windstorm damage caused by Harvey to the Plaintiff's Property.

18.     Defendant failed to pay Plaintiff for covered windstorm damage to the Property caused by Harvey.

19.     Plaintiff submitted a damage assessment to the Defendant, seeking payment of the damaged property, less the policy deductible.

20.     The amount sought by the Plaintiff was based on a firsthand inspection and damage assessment prepared by Plaintiff's experts. The damage assessment included a room-by-room, line-by-line, unit cost damage estimate. Plaintiff's experts found that the windstorm damage greatly exceeded the amount and scope of the Defendant's adjustment.

21.     Defendant has unreasonably refused to acknowledge Plaintiff's expert's damage assessment as a basis for coverage and has failed to issue payment based on said damage assessment.

22.     Harvey windstorm caused every loss Plaintiff has identified.

23.     Defendant knows that Plaintiff is entitled to payment of insurance proceeds under the terms of the homeowner's policy that Defendant issued for the items of loss that Plaintiff has identified.

24.     Defendant has no reasonable basis for refusing to pay for the Harvey windstorm losses for which Plaintiff seeks insurance proceeds.

25.     Defendant's actions constitute a breach of the common law duty of good faith and fair dealing.

26.     Defendant has knowingly and intentionally misrepresented Plaintiff's insurance coverage to Plaintiff to avoid complying with its contractual obligation to pay for Plaintiff's covered losses due to Harvey windstorm damage.

27.     Defendant's obstinate refusal to acknowledge its coverage responsibilities out of court has required Plaintiff to file this action, thereby causing Plaintiff and this Court to endure unnecessary burden, expense, and delay.

28.     Plaintiff has filed this suit to recover the amount owed under the Insurance Policy, which Defendant wrongfully denied.

### COUNT I
### BREACH OF CONTRACT

29.     Plaintiff hereby repeats and incorporates by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

30.     Plaintiff and Defendant entered into a contract for insurance coverage when Plaintiff purchased and Defendant issued the Insurance Policy.

31.     Plaintiff paid his policy premiums and otherwise maintained the Insurance Policy, which was in good standing at the time the Property sustained windstorm loss in August 2017.

4

32.     Plaintiff has complied with all obligations owed under the Insurance Policy, including conditions precedent to recovery.

33.     Defendant, however, has breached its contractual obligations by wrongfully denying coverage and failing to issue payment for the amount owed on this claim as documented in Plaintiff's written demand for payment and supporting documents.

34.     Defendant's improper denial has harmed Plaintiff by denying the money to which Plaintiff is entitled under the terms of the Insurance Policy.

**COUNT II**
**VIOLATION OF TEXAS INSURANCE CODE:**
**UNFAIR SETTLEMENT PRACTICES AND**
**MISREPRESENTATION OF INSURANCE POLICY**

35.     Plaintiff hereby repeats and incorporates by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

36.     Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices, Tex. Ins. Code § 541.060; and Misrepresentation of Insurance Policy, §541.061. All violations under this article are made actionable by Tex. Ins. Code § 541.151.

37.     Defendant's practice of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(1); § 541.061.

38.     Defendant's practice of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Insurance Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(2)(A); § 541.061.

5

39.     Defendant's practice of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for their failure to offer a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(3); § 541.061.

40.     Defendant's practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(7).

41.     Each of Defendant's acts described herein, together and singularly, were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiff's damages described herein.

**COUNT III**
**VIOLATION OF TEXAS INSURANCE CODE:**
**PROMPT PAYMENT OF CLAIMS**

42.     Plaintiff hereby repeats and incorporates by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

43.     Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code, Chapter 542.  All violations made under this article are made actionable by Tex. Ins. Code § 542.060.

44.     Defendant's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, constitutes a non-prompt payment of claims and a violation of Tex. Ins. Code § 542.055.

45.     Defendant's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. Tex. Ins. Code § 542.056.

46.     Defendant's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, constitutes a non-prompt payment of the claim. Tex. Ins. Code § 542.058.

**COUNT IV**
**BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

47.     Plaintiff hereby repeats and incorporates by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

48.     The Insurance Policy was an insurance contract that existed between the Plaintiff and the Defendant. The Insurance Policy provided coverage for named windstorms during the life of the policy, providing coverage for dwelling.

49.     As a party to the Insurance Policy contract, Defendant owed a duty of good faith and fair dealing to the Plaintiff.

50.     However, Defendant engaged in fraudulent, deceitful, and other conduct inconsistent with its contractual obligations to Plaintiff.

51.     By failing to timely and adequately assess the Plaintiff's damages, refusing to properly adjust the loss, and refusing to pay money it owed under the Insurance Policy, despite knowing the damage was covered thereunder, Defendant has acted arbitrarily, capriciously, in a manner inconsistent with the reasonable expectations of the Plaintiff, and in violation of the duties of good faith and fair dealing.

52. For these reasons and others set out in this Petition, Defendant breached the duty of good faith and fair dealing owed to the Plaintiff, proximately causing Plaintiff to suffer damages, including economic damage and emotional distress caused by the denial.

53. Defendant is liable to Plaintiff for compensatory, consequential, and punitive damages as well as attorney fees, costs, expenses, pre-judgment interest, and all other damages and relief as this Court deems just and appropriate.

## COUNT V
## VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES/
## CONSUMER PROTECTION ACT

54. Plaintiff hereby repeats and incorporates by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

55. Defendant has committed violations of the Texas Deceptive Trade Practices/Consumer Protection Act ("DTPA"). The DTPA, Section 17.46, *et seq*., of the Texas Business and Commerce Code, provides additional protection to consumers who are victims of deceptive, improper, and/or illegal practices, including the award of treble damages for knowing violation, and for attorneys' fees. Defendant's conduct in engaging in such acts and practices has resulted in actual and consequential damages to Plaintiff and supports an award for treble damages.

56. Each of Defendant's acts described herein, together and singularly, were done "knowingly" as that term is used in the Texas Deceptive Trade Practices Act and were a producing cause of Plaintiff's damages described herein.

57. Plaintiff is entitled to actual damages resulting from these violations of the law. These damages include the sums Defendant has wrongfully refused to pay and any consequential damages to Plaintiff's economic welfare in the future, including any exacerbation of economic

condition occasioned by the delay in payment of these claims. Plaintiff is also entitled to recovery of treble damages for Defendant's knowing violations.

## DAMAGES

58.     The above described acts, omissions, failures, and conduct of Defendant have caused Plaintiff to suffer damages which include, without limitation, the cost to properly repair the damage to Plaintiff's property.

59.     Defendant "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. As a result, Plaintiff is entitled to additional damages under Section 17.50(b)(1) of the DTPA and Chapters 541 and 542 of the Texas Insurance Code.

60.     Defendant's breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally and with malice and gross negligence as those terms are defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations are the type of conduct that the state of Texas protects its citizens against by the imposition of exemplary damages.

61.     Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter this Defendant and others similarly situated from committing similar acts in the future.

62.     As a result of Defendant's conduct described herein, Plaintiff has been forced to retain the undersigned attorney to prosecute this action. Plaintiff is entitled to recover reasonable attorneys' fees under any applicable statute.

63.     Plaintiff is entitled to the recovery of attorneys' fees necessary to afford its rights, along with the costs and expenses set forth by law.

9

64.     Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

## REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose the materials described in T.R.C.P. Rule 194.2.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer, and that after a trial on the merits, Plaintiff recover from Defendants damages for all causes of action described above, extra contractual damages as allowed by law and the causes of action described above, attorneys fees, costs of court, and all interest allowed by statute and common law and for such other relief to which Plaintiff may be entitled, both in equity and at law.

Respectfully submitted,

August 20, 2019                         s/ Shane McClelland
                                        Shane McClelland
                                        Law Office of Shane McClelland
                                        TX Bar# 24046383
                                        440 Cobia Dr. Suite 101
                                        Katy, Texas 77494
                                        Phone: (713) 987-7107
                                        Fax:    (832) 827-4207
                                        Email: Shane@hmtrial.com

                                        *Attorney for Plaintiff*

10